IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN W SOULE, Chapter 7 Trustee for the Bankruptcy Estate of Joseph Guertin and Lisa Guertin,<br><br>        Plaintiff,<br><br>v.<br><br>KENNETH GUERTIN, individually;<br><br>KENNETH GUERTIN, as Trustee of the Kenneth Guertin and Carol Guertin Living Trust dated March 27, 2018;<br><br>CAROL GUERTIN, individually;<br><br>CAROL GUERTIN, as Trustee of the Kenneth Guertin and Carol Guertin Living Trust dated March 27, 2018;<br><br>NTR, LLC a/k/a NTR LLC,<br><br>        Defendants. | Case No. 24-CV-00330-SEH-MTS |

## OPINION AND ORDER

Defendant Kenneth Guertin, Carol Guertin, both individually and as trustees of the Kenneth Guertin and Carol Guertin Living Trust ("Living Trust") dated March 27, 2018 ("Guertin Defendants") move to withdraw the reference of this adversary proceeding to the United States Bankruptcy Court

for the Northern District of Oklahoma. [ECF No. 2]. For the reasons set forth below, that request is granted, in part, and denied, in part.

I.  Background

Because the Bankruptcy Court summarized the relevant facts of this case in its July 12, 2024 order, they will not be recited here. [ECF No. 4 at 3–4]. The Bankruptcy Court held that the adversary proceeding filed by the Trustee is a statutorily core proceeding but that it must be treated as a non-core proceeding as a constitutional matter. [*Id.* at 6]. It found that the Guertin Defendants have not consented to the jurisdiction of the Bankruptcy Court and held that only this Court could conduct any jury trial or enter final judgment on the Trustee's claims. [*Id.* at 6–7]. The Bankruptcy Court is willing "to conduct all pre-trial matters and transfer the case to the District Court at the appropriate time for trial." [*Id.* at 7].

Guertin Defendants seek withdrawal and transfer to this Court under 28 U.S.C. § 157(d). The Trustee objects to the withdrawal, arguing that the "claims are core claims that clearly may proceed in the Bankruptcy Court as non-core claims under 28 U.S.C. § 157(c)(1), and the Bankruptcy Court has the authority to handle this dispute before trial commences." [*Id.* at 2]. NTR, LLC did not join the Guertin Defendants' request for withdrawal.

## II. Standard

The Northern District of Oklahoma refers proceedings to the Bankruptcy Court under 28 U.S.C. § 157(a) and LCvR84. That referral can be withdrawn "in whole or in part … on timely motion of any party, for cause shown." 28 U.S.C § 157(d). Title 28 U.S.C. § 157(e) allows the Bankruptcy Court to conduct a jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties involved. In the absence of such designation and consent, jury trials in bankruptcy proceedings "must take place in the district court, sitting in its original jurisdiction in bankruptcy." *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990). However, this right "is not absolute." *See In re Hum. Dynamics Corp.*, No. CV-08-0781-PHX-DGC, 2008 WL 2782867, at *2 (D. Ariz. July 8, 2008) (noting that a bankruptcy court decides whether to allow claims against the estate and a creditor's right to a jury trial on a trustee's preference claim depends on whether the creditor has submitted a claim against the estate).

## III. Analysis

Guertin Defendants argue that they have met the requirements for a jury trial before this Court, and the Trustee does not contend otherwise. [ECF No. 3 at 3]. The Supreme Court has held that a person who has not filed a claim against the bankruptcy estate has a right to a jury trial when sued by the

bankruptcy trustee to recover alleged fraudulent transfers. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989). The Court adopts the reasoning of the Bankruptcy Court in its detailed order [ECF No. 4] and finds that the Guertin Defendants made a proper demand for jury trial and have preserved their Seventh Amendment right to a jury trial.

However, a right to a jury trial in this Court "does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court." *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787 (9th Cir.2007). Here, immediate withdrawal of the reference is not in the best interest of judicial efficiency, particularly because the Trustee's claim against NTR, LLC remains in the Bankruptcy Court. [ECF No. 3 at 2].

Accordingly, this Court will preside over the jury trial. But the Bankruptcy Court will maintain the reference until the case is ready to proceed to trial, and will supervise any discovery, conduct all pretrial conferences, and rule on pretrial motions. *See In re Stansbury Poplar Place, Inc.,* 13 F.3d 122, 128 (4th Cir. 1993) ("decision whether or not to withdraw the referral immediately is frequently more a pragmatic question of efficient case administration than a strictly legal decision") (quotation omitted).

### IV. Conclusion

Once the Bankruptcy Court certifies that the case is ready for trial, the Court will enter an Order withdrawing the reference and schedule the case for jury trial in this Court.

**IT IS THEREFORE ORDERED** that the Motion to Withdraw Reference of Adversary Proceeding [ECF No. 2] is granted, in part, and denied, in part, as outlined above.

**DATED** this 9th day of March, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE